## BILLINGSLEY v. MELBA MFG. CO.

(Court of Appeals of District of Columbia. Submitted January 16, 1924. Decided March 3, 1924.)

No. 1629.

Trade-marks and trade-names and unfair competition ⊚⇒43—Mark "Adorable" not entitled to registration, where opposer used marks "Adoree" and "Adorme."·

Where opposer had long used the trade-marks "Adoree" and "Adorme" for the same class of goods, applicant is not entitled to registration of the word "Adorable."

Appeal from the Commission of Patents.

· Application by Mattie D. Billingsley for registration of a trademark, opposed by the Melba Manufacturing Company. From a decree sustaining the opposition, applicant appeals. Affirmed.

Mattie D. Billingsley, of Washington, D. C., in pro. per.
E. S. Rogers, of Chicago, Ill., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court·of Customs Appeals.

ROBB, Associate Justice. The appellant seeks registration of "Adorable" for the same class of goods to which the opposer long has applied its marks, "Adoree" and "Adorme." The concurrent decisions· of the Patent Office tribunals sustained the opposition and refused registration.

Appellant contends that, under the opinion of this court in Alaska Packers' Association v. Admiralty Trading Co., 43 App. D. C. 198, appellee is estopped to contend that it would be injured by the registration. In that case the opposer had used several marks, consisting of flags of different colors and markings, each of which differed as much from the others as from applicant's flag. The opposition was dismissed in the Patent Office, and we sustained the dismissal, with the suggestion that it still would be a question for the Office as to whether it would register the mark. Here opposer's marks are substantially the same, both in appearance and signification. We ruled in Nestle & A. S. C. Milk Co. v. Walter Baker & Co., 37 App. D. C. 148, where we were speaking of the word "milkmaid" and the figure of a milkmaid beneath, that the word and the pictorial representation meant the same to the public; that is, "the right to employ one necessarily includes the right to employ both." So here the two words employed by opposer mean the same to the public, and consequently are not calculated to cause confusion. As was suggested in Coca-Cola Co. v. Koke Co., 254 U. S. 143, 145, 41 Sup. Ct. 113, 65 L. Ed. 189, the defects of one party do not offer a very broad ground for allowing another to take advantage of him, and where, as here, the defect is of a purely technical character, and not calculated to confuse or deceive the public, the relief afforded by opposition proceedings should not be withheld.

The decision is affirmed.

Affirmed.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes